

-FILED-

NOV 21 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

|  |  |
|---|---|
| MOUNTAINS OF SPICES, LLC, | |
| Plaintiff, | |
| v. | Case No. _____ 1:25CV623 |
| RIVER VALLEY OPERATIONS, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff MOUNTAINS OF SPICES, LLC ("Plaintiff" or "MOS"), by and through their attorneys THE QUINLAN LAW FIRM, LLC, states and alleges as follows as their Complaint against Defendant RIVER VALLEY OPERATIONS, LLC ("River Valley" or "Defendant"):

## PARTIES

1. MOS is a New York Limited Liability Company ("LLC") with its principle place of business in Nassau County, New York. Its sole member is Qidong Xia, a United States permanent resident who is domiciled in New York.

2. River Valley is an Indiana LLC with its principle place of business in Fort Wayne, Indiana. Its sole member is Yumei Hao, a United States citizen domiciled in Indiana.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. 1332(a)(2). MOS is an LLC whose sole member is a citizen of a foreign state who is lawfully admitted for permanent residence in the United States and domiciled in New York. River Valley

1

is an LLC whose sole member is a citizen of and domiciled in Indiana. The matter in controversy exceeds $75,000.

4. This Court has personal jurisdiction over this action because the defendant has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and justice.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because it is brough in the judicial district in which the defendant resides and in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### The Parties Enter the Loan Agreement

6. On August 4, 2022, MOS and River Valley entered into an agreement pursuant to which MOS would loan River Valley $8,000,000 for a period of three years (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A.**

7. Pursuant to Section III of the Loan Agreement, the $8,000,000 loaned by MOS accrued interest at a rate of 6% annually.

8. Pursuant to Section IV of the Loan Agreement, River Valley was required to repay the full $8,000,000 plus all accrued interest on August 4, 2025.

9. Additionally, Section XIII of the Loan Agreement contains an attorneys' fees provision, pursuant to which, in the event that any payment under the Loan Agreement was not paid when due, River Valley agrees to pay MOS its reasonable attorneys' fees plus all other reasonable expenses MOS incurs in exercising "any of its rights and remedies upon default."

10. Finally, Section XV of the Loan Agreement states that the Agreement shall be construed and governed by the laws of Indiana.

### MOS Performs its Obligations and River Valley Breaches the Loan Agreement

11.    On or around August 7, 2022, MOS fulfilled its obligations under the Loan Agreement by causing $8,000,000 of its funds to be transferred to River Valley's bank account.

12.    During the subsequent three years, River Valley never provided any indication that there were any issues with receipt of the funds or MOS' actions.

13.    On the due date of the loan, August 4, 2022, River Valley, however, failed to make any payment or communicate with MOS in any way.

14.    On August 12, 2022, having received no communication or payment from River Valley, counsel for MOS reached out to River Valley demanding payment of the full amount owed under the Loan Agreement, $9,528,128.00—the $8,000,000 in principal plus the $1,528,128 in accrued interest.

15.    In response, River Valley indicated that it did not intend to repay the funds it owed.

16.    River Valley failed to respond to subsequent communication from MOS and has still not repaid any of the funds it owes MOS.

## COUNT I – BREACH OF CONTRACT

17.    The Loan Agreement constituted a valid and enforceable contract between MOS and River Valley.

18.    MOS performed its obligations under the Loan Agreement by lending $8,000,000 to River Valley.

19.    River Valley breached its obligations under the Loan Agreement by failing to repay any of the $8,000,000 and accrued interest when it came due on August 4, 2022.

20.    As a result of River Valley's breach, MOS has suffered damages in the amount of $9,528,128.00—the $8,000,000 in principal it lent River Valley plus the $1,528,128 in accrued interest it was entitled to under the Loan Agreement.

21.    Additionally, as a result of River Valley's breach, MOS has had to incur and continues to incur attorney's fees in order to exercise its rights under the Loan Agreement.

WHEREFORE, Plaintiff demands judgment as follows:

(A) Award damages in favor of Plaintiff against Defendant in the amount of $9,528,128.00.

(B) Award Plaintiff its reasonable attorneys' fees and costs incurred as a result of Defendant's breach.

(C) Awarding such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: November 18, 2025

Respectfully submitted,

MOUNTAINS OF SPICES, LLC

/s/ Eric T. Schmitt
One of their Attorneys
William J. Quinlan
Lisa H. Quinlan
Eric T. Schmitt
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, Suite 6142
Chicago, Illinois 60606
Telephone: (312) 883-5500
Fax: (312) 971-1070
wjq@quinlanfirm.com
lquinlan@quinlanfirm.com
docketing@quinlanfirm.com