**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MOUNTAINS OF SPICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RIVER VALLEY OPERATIONS, LLC, <br><br> Defendant. | Case No. 1:25-cv-00623-SJF |

**PLAINTIFF MOUNTAINS OF SPICES, LLC'S MOTION FOR DEFAULT JUDGMENT UNDER RULE 55(B)(2)**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Mountains of Spices LLC ("MOS") hereby moves for the entry of default judgment against Defendant River Valley Operations, LLC ("River Valley"). In support, Plaintiff submits this Motion and the attached Declaration of Qidong Xia.

**INTRODUCTION**

As set forth in the Complaint, this case involves a single, straightforward claim for breach of contract. MOS lent $8,000,000 to defendant River Valley in August 2022 based on a written agreement pursuant to which River Valley was to re-pay the funds with interest three years later. Unfortunately, when the time came to do so, River Valley refused, breaching the contract. MOS then filed suit in this court in an attempt to recover the funds. Despite being properly served, however, River Valley has failed to answer or otherwise participate in these proceedings. MOS therefore seeks a default judgment against River Valley.

All of the elements necessary for the entry of a default judgment are met. After River Valley failed to respond to the Complaint, MOS moved for default, which was entered on March

1

10, 2026. The allegations in the Complaint, when accepted as true as they must after a default, plead the elements of a claim for breach of contract. And, as part of this Motion, MOS has provided evidence, in the form of a sworn and detailed declaration from its president Qidong Xia, that, consistent with the allegations in the Complaint, MOS it has suffered $9,540,888.40 in damages— $8,000,000 in principal it paid River Valley pursuant to the Loan Agreement that River Valley failed to repay, $1,528,128 in interest MOS was entitled to receive under the Loan Agreement that River Valley failed to pay, and $12,760.40 in legal fees and costs MOS has incurred as a result of River Valley's breach. MOS therefore respectfully requests that the Court grant this Motion and enter judgment in favor of MOS and against River Valley in the amount of $9,540,888.40.

## BACKGROUND

As alleged in the Complaint, on August 4, 2022, MOS and River Valley entered into an agreement pursuant to which MOS would loan River Valley $8,000,000 for a period of three years (the "Loan Agreement"). (ECF 1, ¶ 6.) Pursuant to the terms of the Loan Agreement, River Valley was to repay the $8,000,000 loaned by MOS, plus interest accrued at a rate of 6% annually, on August 4, 2025. (ECF 1, ¶¶ 7-8. & Ex. A, para. III-V.) Additionally, the Loan Agreement contained an attorneys' fees provision, pursuant to which, in the event that any payment under the Loan Agreement was not paid when due, River Valley agreed to pay MOS its reasonable attorneys' fees plus all other reasonable expenses MOS incurs in exercising "any of its rights and remedies upon default." (ECF 1, ¶ 9.)

As also alleged in the Complaint, on or around August 7, 2022, MOS fulfilled its obligations under the Loan Agreement by causing $8,000,000 of its funds to be transferred to River Valley's bank account. (ECF 1, ¶ 11.) During the next three years, River Valley never provided any indication that there were any issues with receipt of the funds or MOS' actions. (ECF 1, ¶ 12.)

2

On the due date of the loan, August 4, 2025, River Valley, however, failed to make any payment or communicate with MOS in any way. (ECF 1, ¶ 13.) On August 12, 2025, having received no communication or payment from River Valley, counsel for MOS reached out to River Valley demanding payment of the full amount owed under the Loan Agreement, $9,528,128.00—the $8,000,000 in principal plus the $1,528,128 in accrued interest. (ECF 1, ¶ 14.) In response, River Valley indicated that it did not intend to repay the funds it owed. (ECF 1, ¶ 15.) River Valley failed to respond to subsequent communication from MOS and has still not repaid any of the funds it owes MOS. (ECF 1, ¶ 16.)

River Valley, through its registered agent, was served with a copy of the Complaint on February 17, 2026. (ECF 6.) River Valley's response to the Complaint was, thus, due on Marcy 10, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). River Valley, however, failed to answer or otherwise responds. (ECF 7.) As a result, on March 23, 2026, MOS moved for entry of default against River Valley, which was granted on March 24, 2026. (ECF 7, 8.)

## ARGUMENT

"Federal Rule of Civil Procedure 55 governs the entry of default and default judgment." *Design Basics, LLC v. Clayton Homes of Lafayette, Inc.*, No. 4:18-CV-95-TLS, 2019 WL 3402257, at *1 (N.D. Ind. July 25, 2019). "Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *Id.* (citing A*m. Acceptance Co., LLC v. Goldberg*, No. 2:08-CV-9, 2008 WL 838813, at *2 (N.D. Ind. Mar. 28, 2008)." Here default was entered on March 24, 2026. (ECF 8.)

Once default has been entered, in order to received default judgment it is "necessary that the plaintiffs demonstrate that they [are] entitled to judgment as a matter of law." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265–66 (7th Cir. 1995). In determining whether Plaintiff has made

3

such a demonstration, "well-pleaded allegations of the complaint relating to liability are taken as true." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). By contrast, "those relating to the amount of damages must be proved." *Trs. of Indiana State Council of Roofers Health & Welfare Fund v. A.S. Sumerlan, Inc.*, No. 4:09-CV-93, 2010 WL 5184894, at *2 (N.D. Ind. Dec. 14, 2010) (citing *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir.1994)).

Here, MOS has met its burden of demonstrating that they are entitled to judgment as a matter of law. MOS has met its burden of proving liability because the allegations in the Complaint, which must be taken as true, set forth a claim for breach of contract. MOS has met its burden of proving damages because it has provided a detailed declaration from its President, Qidong Xia, demonstrating that it has suffered $9,540,888.40 in Damages as a result of River Valley's breach of contract. Therefore, the Court should enter default judgment in the amount of $9,540,888.40.

## A. MOS Has Met Its Burden of Demonstrating Liability by Pleading a Claim for Breach of Contract

Initially, the Complaint pleads a claim for breach of contract. Under Indiana law, which is applicable to the Loan Agreement (ECF 1, ¶ 10 & Ex. A, para. XV), "the essential elements of a breach of contract action are: 1) the existence of a contract; 2) the defendant's breach thereof; and 3) damages." *Hopper v. Colonial Motel Props., Inc.,* 762 N.E.2d 181, 187 (Ind. Ct. App. 2002) (citing *Fowler v. Campbell*, 612 N.E.2d 596, 600 (Ind. Ct. App.1993)).

Here, each of these elements is alleged in the complaint. First, the Complaint alleges the existence of a contract—the Loan Agreement—between MOS and River Valley, pursuant to which MOS would loan River Valley $8,000,000 and River Valley would repay these funds with interest

4

three years later. (ECF 1, ¶¶ 6-8, 17.) Second, the Complaint alleges that, although MOS fulfilled its obligations by sending the $8,000,000 to River Valley, River Valley breached the Loan Agreement by failing to repay the funds when they came due. (ECF 1, ¶¶ 13-15, 19.) Finally, MOS alleges it was damaged because it expected to be repaid the funds it lent River Valley, along with interest on those funds, but it has not received any repayment. (ECF 1, 20.)

MOS has, therefore, met its burden of demonstrating liability.

### B. MOS Has Demonstrated That It Is Owed $9,540,888.40 in Damages.

MOS has also met its burden of demonstrating damages.

"The Seventh Circuit permits 'broad latitude' in quantifying damages, 'especially when the defendant's own conduct impedes quantification.'" *Design Basics* 2019 WL 3402257 at *2 (quoting *BCS Servs., Inc. v. Heartwood* 88, LLC 637 F.3d 750, 759 (7th Cir. 2011). "[U]pon considering a motion for default judgment, a court may need to hold a hearing to determine damages." *Trs. of Indiana State Council of Roofers Health & Welfare Fund*, No. 4:09-CV-93, 2010 WL 5184894 at *2 (N.D. Ind. Dec. 14, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)). However, "in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary." *Id.* (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)).

Here, MOS has met its burden because its damages can be ascertained through the detailed declaration of its president, Qidong Xia, submitted with this Motion. As Mr. Xia explains, in or around August 2022, a third-party was holding $8,000,000 belonging to MOS. (Xia Decl., ¶ 2.) On August 7, 2022 and consistent with the terms of the Loan Agreement, at Mr. Xia's direction,

this third-party sent the $8,000,000 to a bank account at Lake City Bank in the name of River Valley. (Xia Decl., ¶ 3.)  River Valley, however, failed to repay any portion of the funds when they became due three years later on August 4, 2025. (Xia Decl., ¶ 4.)  Nor has it since repaid any portion of the funds owed. (Xia Decl., ¶ 5.)

Using the information in the Xia Declaration, the amount of interest owed on the funds can also be easily ascertained based on the terms of the Agreement. Per the loan agreement, the amount 8% yearly. (ECF 1, Ex. A, para. III.) As alleged in the Complaint, based on this interest rate, the total interest due on the $8,000,000 MOS lent River Valley when it became due three years later on August 4, 2025 was, therefore, $1,528,128. (*See* ECF 1, ¶ 20.)

Finally, the Xia Declaration also demonstrates that, as a result of River Valley's actions, MOS has incurred $12,760.40 in costs—$11,812.67 in legal fees and $947.72 in legal costs. (Xia. Decl. ¶ 7.) Specifically, the Xia Declaration explains the following costs were incurred as a result of River Valley's actions:

- $2,117.51 to draft and send correspondence with River Valley regarding its failure to repay the amounts owed under the Loan Agreement (2.5 hours of attorney time);
- $4,295.51 to draft the Complaint (5.5 hours of attorney time);
- $2,737.64 for internal conferences to discuss case strategy (2.75 hours of attorney time);
- $2,662.01 draft the Motions for default and default judgment (4 hours of attorney time);
- $20.97 for postage;
- $54.23 for legal research fees paid to Westlaw;
- $591.53 in legal filing fees; and
- $281.00 for service of process incurred in serving River Valley.

(Xia Decl. ¶ 8.)

Therefore, consistent with the allegations in the Complaint, Xia's declaration demonstrates that MOS has been damaged in the amount of $9,540,888.40—the $8,000,000 in principal it paid River Valley pursuant to the Loan Agreement that River Valley failed to repay, the $1,528,128 in interest MOS was entitled to receive under the Loan Agreement that River Valley failed to pay,

6

and the $12,760.40 in legal fees and costs MOS has incurred as a result of River Valley's breach. The Court should, therefore, enter a default judgment in this amount.

**CONCLUSION**

For the reasons set forth above, MOS requests that the Court grant this motion and enter a default judgment in favor of Mountains of Spices LLC and against River Valley Operations, LLC in the amount of $9,540,888.40

Dated: June 3, 2026                              Respectfully submitted,

MOUNTAINS OF SPICES, LLC

/s/ Eric T. Schmitt (*admitted Pro Hac Vice)*
One of their Attorneys
William J. Quinlan
Lisa H. Quinlan
Eric T. Schmitt
THE QUINLAN LAW FIRM, LLC
233 South Wacker Drive, Suite 6142
Chicago, Illinois 60606
Telephone: (312) 883-5500
Fax: (312) 971-1070
eschmitt@quinlanfirm.com
wjq@quinlanfirm.com
docketing@quinlanfirm.com